UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA TRISTAN,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | No.  2:21-cv-1609-KJN<br><br>ORDER<br><br>(ECF No. 17.) |

On July 17, 2023, counsel for plaintiff filed a motion for an award of attorney's fees pursuant to 42 U.S.C. §1383(d)(2)(B).[1]  (ECF No. 17.)  On July 18, 2023, the court directed the Commissioner to file an advisory response to counsel's motion within 28 days of the order, and permitted a reply from plaintiff within 14 days thereafter.  (ECF No. 18.)  On August 15, 2023, the Commissioner filed a response neither supporting nor opposing counsel's request; plaintiff did not file a reply.  (ECF No. 19.)

For the reasons set forth below, counsel's motion for an award of attorney's fees is granted in the amount of $14,389.00.  Counsel shall reimburse plaintiff the $1,600.00 in fees already awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d).

///

---

[1] This motion was referred to the undersigned based on the consent of all parties under 28 U.S.C. § 636(c).  (ECF Nos. 6, 7, 10.)

1

**Background**

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for Supplemental Security Income under Title XVI of the Social Security Act. (ECF No. 1.) The parties stipulated to a voluntary remand of this case for further administrative proceedings; the court remanded and entered a final judgment in favor of plaintiff and against defendant. (ECF No. 11, 12.) The parties stipulated to and the court granted an award of $1,600.00 in attorney fees under the EAJA. (ECF Nos. 15, 16.)

On June 6, 2023, the Commissioner issued a notice to plaintiff approving her claim for benefits and awarding her $57,559.52 in back payments. (ECF No. 17 at 30.) On July 17, 2023, counsel filed a motion for attorney's fees pursuant to 42 U.S.C. § 1383(d)(2)(B), requesting $12,789.00, which, when combined with the $1,600.00 already received by administrative counsel, is just under 25% of plaintiff's back benefits. (Id. at 4.)

**Discussion**

Title 42 grants authority for an attorney to seek an award of attorney's fees for work performed in a Social Security case where the claimant is awarded SSI benefits under Title XVI. In relevant part, Section 1383 provides as follows:

> [I]f the claimant is determined to be entitled to past-due benefits under this subchapter and the person representing the claimant is an attorney, the Commissioner shall pay out of such past-due benefits to such attorney an amount equal to the lesser of:
>
> (i) so much of the maximum fee as does not exceed 25 percent of such past-due benefits (as determined before any applicable reduction under subsection (g) and reduced by the amount of any reduction in benefits under this subchapter or subchapter II pursuant to section 1320a-6(a) of this title), or
>
> (ii) the amount of past-due benefits available after any applicable reductions . . . .

42 U.S.C. § 1383(d)(2)(B). In addition, "[t]he provisions of section 406 . . . shall apply to this part to the same extent as they apply in the case of subchapter II [of this chapter]." 42 U.S.C. § 1383(d)(2)(A); see also Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the

fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc).  The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." Gisbrecht, 535 U.S. at 798 n.6.  Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." Crawford, 586 F.3d at 1149.

In reviewing the fee request, the district court is to look first to the parties' contingency-fee agreement, then test it for reasonableness—always respecting "the primacy of lawful attorney-client fee agreements . . . ." Gisbrecht, 535 U.S. at 793 (noting that courts following this method have "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.").  To this end, the Ninth Circuit instructs:

> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case.  [A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases.  The attorney bears the burden of establishing that the fee sought is reasonable.

Crawford, 586 F.3d at 1148 (citations omitted).  The attorney bears the burden of establishing the reasonableness of the fee.  Gisbrecht, 535 U.S. at 807 fn. 17.

In support of the motion for attorney's fees under 42 U.S.C. § 1383(d)(2)(B), plaintiff's counsel attached plaintiff's attorney-client agreement, which provided for a contingent fee of up to 25% of any past due benefits. (ECF No. 17 at 13.)  The Notice of Award indicates plaintiff was awarded $57,559.52 in past due benefits, 25% of which ($14,389.88) was withheld by the Commissioner for payment of counsel's fee.  (Id.)  Counsel now seeks a fee of $14,389.00.  The Commissioner neither assents nor objects to the fee request, and takes no position on the reasonableness of the request.  (ECF No. 19.)

The court finds counsel's fee request here to be reasonable.  As an initial matter,

agreements providing for fees of 25% of past due benefits are the "most common fee arrangement between attorneys and Social Security claimants." Crawford, 586 F.3d at 1147. Counsel's request meets the 25% maximum outlined in 42 U.S.C. § 1383(d)(2)(B) and the fee-agreement ($14,389.00 is approximately 25% of plaintiff's past due benefits of $57,559.00). Additionally, neither the undersigned nor the Commissioner see any indication that plaintiff's counsel performed substandard work or unduly delayed the case; to the contrary, plaintiff's counsel's work over several years ultimately resulted in a fully favorable decision for plaintiff and an award of substantial benefits. While in normal cases the total amount sought could be considered disproportionate to the amount of time plaintiff's counsel spent on the case (9.1 hours, equating to a rate of approximately $1,581.21 per hour), this amount is not inappropriate given the guidance in Crawford. See, e.g., Langston v. Saul, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) (awarding fees on an effective hourly rate of $1,453.42, when counsel requested $23,400 for 16.10 hours of attorney work); Thomas v. Colvin, 2015 WL 1529331, at *2-3 (E.D. Cal. Apr. 3, 2015) (awarding fees on an effective hourly rate of $1,093.22 for 40.8 hours of work); Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (awarding fees on an hourly rate exceeding $1,000, where counsel requested $4,569.25 for 5.2 hours of combined attorney and paralegal work, and noting that "[r]educing § 406(b) fees after Crawford is a dicey business"). Finally, it is important to note that counsel also assumed the risk of receiving no compensation, as plaintiff's application was denied three times at the administrative level. (ECF No. 3 at 2.) Thus, the court finds the fee amount requested is reasonable in light of the several years of litigation and the result achieved, as well as the lack of any evidence suggesting either dilatory conduct.

For these reasons, the court awards plaintiff's counsel the requested amount of $14,389.00 in attorney's fees under 42 U.S.C. § 1383(d)(2)(B); see also Hopkins v. Cohen, 390 U.S. 530 (1968) (finding that auxiliary back benefits, or benefits payable to the claimant's dependents, are included in the total amount of back benefits to be considered for purposes of attorney's fees under 42 U.S.C. § 1383(d)(2)(B)). The court directs that the full amount be paid to plaintiff's present counsel, who shall then be responsible for reimbursing to plaintiff the previously-awarded EAJA fees.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel's motion for attorney's fees under 42 U.S.C. § 1383(d)(2)(B) (ECF No. 17) is GRANTED;
2. Plaintiff's Counsel shall be paid the sum of $14,389.00 in attorney's fees; and
3. Counsel is ordered to reimburse plaintiff $1,600.00 in previously-awarded EAJA fees.

Dated: September 19, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD/AZ, tris.1609